IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| MARIO A. THIBEAUX, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:16-CV-0760-DGK |
| | ) | (Crim. No. 4:13-CR-0082-01-DGK) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER DENYING MOTION TO VACATE SENTENCE**

Now before the Court are two motions to vacate and sentence pursuant to 28 U.S.C. § 2255 (Docs. 1, 7). Because both motions are without merit, they are DENIED.

**Background**

In the early morning of February 22, 2013, police officers responding to a 911 call attempted to stop and speak with a group of individuals. One of them, Movant Mario Thibeaux, then reached into his pocket, grabbed a black object, and made a throwing motion. A police officer witnessed him throw the object, and Movant's throwing motion was captured on a patrol car's dashboard camera. The black object turned out to be a handgun. A jury subsequently convicted Movant of being a felon in possession of a firearm.

The Court sentenced Movant on April 9, 2014. The Court ruled Movant's previous felon-in-possession conviction qualified as a crime of violence under the advisory Sentencing Guidelines for purposes of calculating his base offense level, raising it 24. While discussing the relevant sentencing factors under 18 U.S.C.A. § 3553(a), the Court noted the nature of Movant's offense, his extensive and serious criminal history, the need for adequate deterrence, and the need to protect the public from Movant. The Court noted specifically that in each of his prior

felony convictions, Movant had violated his probation, parole, or supervised release term, causing him to be returned to custody. The Court also observed that his prior terms of imprisonment had not prevented him from committing additional crimes, and that it wanted to impose a sentence which would be a deterrent. The Court sentenced Movant to 120 months' imprisonment. The Court also stated that given the § 3553(a) factors, it would have imposed a 120 month sentence even if Movant's base offense level were only 20.

On direct appeal, the Government conceded that Movant's previous felon-in-possession conviction should not have been counted as a crime of violence for purposes of enhancing his base offense level. The Eighth Circuit agreed, but affirmed the 120 month sentence, holding that it was harmless error in light of the Court's statement that it would have imposed the same sentence. *United States v. Thibeaux*, 784 F.3d 1221, 1227 (8th Cir. 2015) ("Incorrect application of the Guidelines is harmless error where the district court specifies the resolution of a particular issue did not affect the ultimate determination of a sentence.").

In the wake of *Johnson v. United States*, 135 S. Ct. 2551 (2015) (holding the residual clause of the Armed Career Criminal Act ("ACCA") is void-for-vagueness), Movant filed two motions under 28 U.S.C. § 2255; the first (Doc. 1) on June 30, 2016, the second (Doc. 7) on August 9, 2016.

## Discussion

Movant's first motion argues the Court imposed an unlawful sentence by improperly classifying his prior felon-in-possession conviction as a crime of violence for purposes of

2

calculating his guidelines sentence. This claim is denied because the Eighth Circuit considered and rejected this claim on Movant's direct appeal in upholding his 120 month sentence.[1]

The second motion asserts that unspecified "newly discovered evidence" shows the dashcam video of the incident leading to his conviction was altered. Movant alleges the original dashcam video shows he did not possess a firearm, and that it was another man who actually dropped the gun. Movant also alleges trial counsel was ineffective for not obtaining the original dash cam video. Movant does not provide the Court with a copy of this newly discovered evidence, or explain what it is, where it is, or how he came to learn of it; he simply makes a conclusory claim that an unaltered original of the video exists which exonerates him.

Movant's claims are so incredible, completely unsupported by any facts, and contradicted by the evidence adduced at trial that the Court dismisses them without an evidentiary hearing. *See Blacklege v. Allison*, 431 U.S. 63, 74 (1977) ("The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the fact of the record are wholly incredible."); *United States v. Bryson*, 268 F.3d 560, 562 (8th Cir. 2001) (holding conclusory allegations are insufficient to establish ineffective assistance of counsel). Movant has not provided any evidence, or even evidence that might lead to evidence, that the video played at his trial was not the original or had been altered in some fashion. In fact, Movant's theory that another man had the means and motive to discard the gun was presented to the jury at trial and to the Eight Circuit on direct appeal, and both rejected it. *Thibeaux*, 784 F.3d at 1224-25.

---

[1] The Court also notes that in *Beckles v. United States*, the Supreme Court held that the advisory Sentencing Guidelines are not subject to a challenge under the Due Process Clause like the residual clause of the Armed Career Criminal Act ("ACCA") was in *Johnson*. 137 S. Ct. 886 (2017).

The Court will not hold an evidentiary hearing. "A petitioner is entitled to an evidentiary hearing on a section 2255 motion unless the motion and the files and records of the case conclusively show that he is entitled to no relief." *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008). "No hearing is required, however, where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Id.*; *see also Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003) ("A § 2255 motion can be dismissed without a hearing if (1) a petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact."). Given that Movant's allegations are incredible and contracted by the record, no evidentiary hearing is warranted.

Finally, the Court holds no reasonable jurist would grant this motion and so declines to issue a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253(c)(2).

**Conclusion**

Movant's § 2255 motions (Docs. 1, 7) are DENIED without an evidentiary hearing, and the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Date:  March 29, 2018  　　　　　　　　　　 /s/ Greg Kays  
　　　　　　　　　　　　　　　　　　　　　GREG KAYS, CHIEF JUDGE  
　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT

4